241 So.2d 147 (1970)
Herbert T. HATCHER
v.
AMERICAN MOTORS CORPORATION.
No. 45956.
Supreme Court of Mississippi.
November 9, 1970.
Rehearing Denied December 7, 1970.
Laurel G. Weir, Alford & Mars, Philadelphia, for appellant.
Williams, Gunn, Eppes & Crenshaw, Meridian, W.D. Moore, Philadelphia, for appellee.
BRADY, Justice.
This is an appeal from a judgment of the Circuit Court of Neshoba County, Mississippi, in favor of the appellee. Appellant instituted suit seeking damages on the basis of products liability because of an alleged defective automobile manufactured by appellee and purchased by appellant.
In March 1965 the appellant purchased a new 1965 Rambler Station Wagon, manufactured by appellee, from Bagby-Hall Motors, an American Motors dealer, in Jackson, Mississippi. The appellant drove the said car approximately 45,945 miles without any apparent incident or failure prior to the accident on April 4, 1967, wherein the axle housing was broken. Two or three months prior to April 4, 1967, the appellant's brother, Earl Hatcher at appellant's request, installed overload springs on the said vehicle. This work was performed by Earl Hatcher at the Chrysler dealership in Louisville, Mississippi. The springs and clamps installed by Hatcher were purchased from an independent parts dealer and were not manufactured by American Motors Corporation. The clamps were applied to each shock absorber in such a fashion as to cause them to act as a brace and to sustain a heavy load on the vehicle. Thus a solid metal brace was made between the undercarriage on the body of the vehicle and its support. As a result of this, on April 4, 1967, approximately twenty-five months after the purchase of the automobile, appellant was traveling north on Mississippi Highway 15 near Newton, Mississippi, when the vehicle overturned in the highway. On the said occasion the vehicle contained a load of tools and miscellaneous personal items weighing approximately five hundred pounds, along with the weight of the appellant.
After the accident the appellant contended that he found the rear axle housing broken near its center and it was his contention that this breakage was caused by a manufacturing defect consisting of lack of uniform thickness of the left rear axle housing which broke and thereby caused *148 the accident. The appellant claimed he suffered injury to his back, shoulder and head; that he was hospitalized for two days and has been under the treatment of a chiropractor for a year following the accident. All issues were submitted to a jury which returned a verdict in favor of the American Motors Corporation. From that judgment this appeal is perfected.
The appellant assigned numerous errors, in support of which he relies largely upon the case of Ford Motor Company v. Cockrell, 211 So.2d 833 (Miss. 1968) as being the controlling authority for the errors urged. In that case this Court, speaking through Justice Robertson, and quoting from Chief Justice Ethridge's opinion in State Stove Manufacturing Company v. Hodges, 189 So.2d 113 (Miss. 1966) stated as follows:
"[W]e conclude that the appropriate standards of responsibility are well stated in Section 402A of the American Law Institute's Restatement of Torts (Second) * * *:
"`Special Liability of Seller of Product for Physical Harm to User or Consumer 
"`(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
"`(a) the seller is engaged in the business of selling such a product, and
"`(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.'" (211 So.2d at 836.) (Emphasis added.)
The issue of whether the automobile reached the appellant without substantial change in the condition in which it was sold was presented to the jury upon proper instruction and the jury found that the automobile had been substantially changed by the faulty installation of the overload springs, which caused the accident. This verdict absolved the manufacturer of liability. See Coleman v. Ford Motor Company, 240 So.2d 607, decided by this court on November 2, 1970. We cannot say that the verdict of the jury is contrary to the overwhelming weight of the law and evidence or that it evinces bias, passion or prejudice.
The case was well tried. The trial court was tolerant and patient. The litigants have had their day in court. A valid verdict for the defendant has the same sacrosanctity as a valid verdict for the plaintiff. For the foregoing reasons the judgment of the circuit court is affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, PATTERSON and SMITH, JJ., concur.